542 So.2d 1373 (1989)
STATE of Louisiana
v.
Ralph MURPHY.
No. 87-K-2464.
Supreme Court of Louisiana.
May 1, 1989.
*1374 David E. Stanley, Stanley & Harrison, for applicant.
William J. Guste, Jr., Atty. Gen., Bryan Bush, Dist. Atty., Janis Kile, Asst. Dist. Atty., for respondent.
LEMMON, Justice.
We granted certiorari to determine the constitutionality of La.R.S. 15:283 in light of Coy v. Iowa, 487 U.S. ___, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988).
On the day of the alleged crime, defendant's wife had performed her usual Saturday babysitting services for the four-year old victim, and the parents picked up the child from defendant's home. The child complained to her mother after her evening bath that her "tee-tee" hurt because "Mr. Ralph" had stuck his finger in it. The mother noticed redness in the vaginal area and reported the incident to the police. The child repeated the details in a taped statement to the police, but a medical examination failed to reveal any tears or abrasions in the vaginal area.
Defendant was tried on charges of indecent behavior with a juvenile. The trial court, on the prosecutor's motion, instituted a special procedure pursuant to La.R.S. 15:283 to take the child's testimony outside the courtroom.[1] The court permitted the child to testify in the judge's chambers before a closed circuit television camera which transmitted her testimony to the jury in the courtroom. Present in chambers, in addition to the child and the judge, were the prosecutor, the defendant and the defense attorney.[2] Because of Section 283's mandate that "[t]he court shall ensure that the child cannot see or hear the defendant unless such viewing or hearing is requested for purposes of identification", defendant was seated behind an opaque screen which shielded him completely from the child's view. The court encouraged defendant to consult with his attorney seated next to him, but instructed defendant not to make any sound or motion which would disclose his presence to the child. Both counsel fully questioned the child who could not see defendant during her testimony and was not aware of his presence in the room.
Prior to the child's testimony defense counsel objected to the procedure on the basis that the screen denied defendant his right to confront his accuser in front of the jurors who were to observe her demeanor and conduct. Counsel further objected to the denial of defendant's right to a public trial. However, there were no specific objections to the use of the screen, to the seating arrangements, or to the instructions *1375 for defendant to refrain from making noise and motions. The trial court overruled the objections without stating any reasons, and neither party requested specific findings as to the necessity for the procedure.
On the basis of the child's testimony in court, as well as the child's statements to her mother and the police, the jury found defendant guilty as charged.[3]
On motion for new trial defendant complained that he had a hearing impediment and that the screen prevented him from reading the child's lips and following her testimony. He also complained that he could not speak to his attorney or even tap him on the shoulder out of fear of violating the judge's instructions not to alert the child to defendant's presence. Counsel argued the judge failed to take steps to ensure that consultation between defendant and his attorney was adequate to provide for effective cross-examination.
The trial court denied the motion, noting that defendant and counsel had adequate opportunity to consult with each other and that he had urged them to do so, albeit with discretion. Furthermore, defendant conceded he had not complained at trial to the judge or to his attorney of any problem caused by an undisclosed hearing impairment.
The court of appeal affirmed the conviction. 515 So.2d 558. Because defendant had focused his attack in the court of appeal on the impairment of his right to effective cross-examination, the intermediate court held that defendant's general objection to the use of the procedure as a denial of his constitutional right of confrontation, without stating the specific way the procedure adversely affected his right of cross-examination, failed to preserve his right to urge the issue on appeal.[4] We granted certiorari to review this decision. 530 So.2d 553.
The trial and appellate judgments in this case were rendered prior to the decision in Coy v. Iowa, 487 U.S. ___, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). The Coy decision requires reversal of defendant's conviction.
The Coy case involved a conviction for sexually assaulting two thirteen-year old girls. The trial court permitted the use of a large screen between the defendant and the witness during the girls' testimony. Lighting adjustments enabled the defendant to see the witnesses dimly, but the witnesses could not see the defendant at all.
The Court held that the Confrontation Clause guarantees the accused a face-to-face meeting with witnesses appearing before the trier of fact. Although most previous cases under the Confrontation Clause involved either the restriction of the scope of cross-examination or the admissibility of out-of-court statements, the Court emphasized that both the right to cross-examination and the right to face-to-face confrontation are designed to ensure the integrity of the fact-finding process. The Court noted that use of the phrase "be confronted with the witnesses against him" would have been an exceedingly strange way for the framers of the Constitution to express a guarantee of nothing more than cross-examination.
The majority left for another day the question of any exceptions to the right to face-to-face confrontation. Although the state contended that the Iowa statute created a legislatively imposed presumption of *1376 trauma necessitating an exception in child abuse cases on the basis of public policy, the Court observed that there had been no individualized findings of the need for special protection of the particular witnesses in this case.[5]
Two concurring justices, while agreeing that there had been no showing of necessity for special protection in the case under consideration, expressed the view that the defendant's rights under the Confrontation Clause are not absolute and may give way in an appropriate case to other competing interests so as to permit the use of certain procedural devices in order to shield a child witness from the trauma of courtroom testimony. The concurring justices pointed to statutes in several states which provide for case-specific findings of necessity of protection of child witnesses.
La.R.S. 15:283, like the Iowa statute at issue in Coy, contains at best a generalized legislative finding of the desirability of conferring special protection to child witnesses. The constitutionality of a statute which grants reasonable protection to a child witness upon a specific finding of necessity is a question we need not address here.[6] As written and as applied in this case, the present statute, which contains only a non-specific "when justice so requires" standard for applicability, clearly violates defendant's constitutional right of confrontation under the Coy decision.[7]
Because La.R.S. 15:283 does not present substantial Confrontation Clause problems other than the denial of the defendant's right to face-to-face confrontation of his accuser during the child's testimony, it is only necessary to strike the sentence which reads: "The Court shall ensure that the child cannot see or hear the defendant unless such viewing or hearing is requested for purposes of identification". The statute otherwise provides for the defendant's presence in the same room with the child during the closed circuit testimony, and the invalidity of the offending language does not affect the other provisions of the statute. There is no bar in the statute to the severability of this invalid provision. La. R.S. 24:175. Accordingly, we strike the offending language from La.R.S. 15:283, leaving the remainder of the statute intact.
The remaining issue is whether the violation of the defendant's right to face-to-face confrontation constituted harmless error in this case.[8] The evidence, other than the child's testimony in court, consisted of her hearsay statements to her mother and to the police, as well as the mother's testimony that the vaginal area "looked red" (a condition apparently not observed during the child's bath) and the child's stepfather's testimony (denied by defendant) that the child was sitting on defendant's lap alone in the room when the stepfather arrived at defendant's home on the evening in question. There were no vaginal tears or abrasions or other physical evidence indicating *1377 abuse. We therefore conclude that the remaining evidence in this case falls short of establishing that the confrontation error was harmless beyond a reasonable doubt. State v. Gibson, 391 So.2d 421 (La.1980).
It is therefore necessary to reverse defendant's conviction. However, because the overall evidence, including the victim's testimony, was sufficient to support the conviction, the state is entitled to retry defendant. Lockhart v. Nelson, ___ U.S. ___, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988).
For these reasons, the provision of La.R. S. 15:283 which states "The Court shall ensure that the child cannot see or hear the defendant unless such viewing or hearing is requested for purposes of identification" is declared unconstitutional and is stricken from the statute, without effect on the other provisions of the statute. The conviction and sentence are reversed, and the case is remanded to the district court for further proceedings.
CALOGERO, J., concurs and joins in the concurring reasons assigned by DENNIS, J.
MARCUS, J., concurs and assigns reasons.
DENNIS, J., concurs with reasons.
COLE, J., dissents, harmless error.
DENNIS, Justice, concurring.
I agree with the majority opinion except for its interpretation or application of the harmless error test. By concluding that, "the remaining evidence in this case falls short of establishing that the confrontation error was harmless beyond a reasonable doubt," the court seems to have applied the "overwhelming evidence" test that was specifically rejected as being improper by the United States Supreme Court in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The proper test requires the reviewing court to ask whether there is a reasonable possibility that the constitutional error complained of might have contributed to the conviction. The court must also find that the constitutional error was harmless beyond a reasonable doubt. Id.; State v. Gibson, 391 So.2d 421 (La.1980).
MARCUS, Justice, concurring.
I agree with the opinion that the majority view in Coy requires the language of La.R. S. 15:283 that denies defendant's right to face-to-face confrontation of the accuser during the child's testimony in all cases be stricken as unconstitutional. However, since a right to face-to-face confrontation at trial has never been viewed as absolute under the confrontation clause, I consider that if a trial judge makes a specific finding of necessity in a given case, the strictures of the confrontation clause may give way to the compelling state interest of protecting child witnesses. Accordingly, I respectfully concur.
NOTES
[1] La.R.S. 15:283 provides:

"A. On its own motion or on the motion of the attorney for any party, a court may order when justice so requires that the testimony of a child under fourteen years of age who may have been physically or sexually abused be taken in a room other than the courtroom and be simultaneously televised by closed circuit television to the court and jury. The only persons who may be present in the room with the child are the person or persons operating the audio-video equipment, the presiding judge, the attorneys for the state and defendant, the defendant, and any person, other than a relative of the child, whose presence is determined by the court to be necessary to the welfare and well-being of the child during his testimony. Only the attorneys, or the presiding judge as authorized by law, may question the child.
"B. The persons operating the equipment shall be confined to an adjacent room or behind a screen or mirror that permits them to see and hear the child during his testimony but does not permit the child to see or hear them. The court shall ensure that the child cannot see or hear the defendant unless such viewing or hearing is requested for purposes of identification. The court shall also ensure that the defendant is afforded the ability to consult with his attorney during the testimony of the child." (emphasis added)
[2] The camera operator was located in the bathroom adjoining the judge's chambers.
[3] The child testified that defendant put his finger in her vagina on numerous occasions. Defendant denied any intentional touching of the vagina and testified that he often engaged in horseplay with the child, but that any incidental touching of the vagina would have been purely accidental.
[4] The court of appeal improperly declined to address defendant's contention that the circumstances did not justify the use of the Section 283 procedure because defendant had not assigned this as a error. When a contention is made for the first time on appeal, the appellate court may require the defendant to file a supplemental assignment of error, thereby permitting the trial court to make an appropriate response. However, the appellate court may not arbitrarily refuse to consider the contention, especially one of constitutional dimensions, on the basis of the record on appeal. State v. Thorne, 514 So.2d 1170 (La.1987).
[5] The Iowa statute provided in part:

"The court may require a party be confined to an adjacent room or behind a screen or mirror that permits the party to see and hear the child during the child's testimony, but does not allow the child to see or hear the party. However, if a party is so confined, the court shall take measures to insure that the party and counsel can confer during the testimony and shall inform the child that the party can see and hear the child during testimony."
[6] In State v. Daniels, 484 So.2d 941 (La.App. 1st Cir.1986), decided prior to Coy, the court permitted the use of the Section 283 procedure on the record in that case, which involved substantial long-term physical and sexual abuse by a mother of her son and psychological difficulties resulting from that abuse. The record thus established far different circumstances than the short-term, non-family abuse alleged in this case. The court in Daniels noted that a record which reflects no circumstance other than the charge and the age of the child may not support the use of the procedure. In the present case the prosecutor's motion only stated the child's age and the charge.
[7] The violation of the defendant's right to face-to-face confrontation in the Coy case was actually less offensive in that he could see the witnesses on the stand and the witnesses were informed (as required by the statute) of the defendant's presence.
[8] In Coy the Court indicated that denial of face-to-face confrontation may be harmless error and remanded to the state court to evaluate harmlessness on the basis of the remaining evidence.