760 So.2d 317 (2000)
STATE
v.
Benjy WELCH.
No. 99-K-1283.
Supreme Court of Louisiana.
April 11, 2000.
*318 J. Rodney Baum, Baton Rouge, Counsel for Applicant.
Richard P. Ieyoub, Atty. Gen., Anthony G. Falterman, Dist. Atty., Donald David Candell, Gonzales, Charles Spencer Long, Donaldsonville, Counsel for Respondent.
VICTORY, J.[*]
We granted a writ in this case to determine whether the defendant was denied his constitutional right to confront a witness that was testifying against him. After reviewing the record and the applicable law, we hold that the procedure employed by the trial court deprived the defendant of his right to confrontation, and that this error was not harmless. Therefore, we reverse the conviction of the defendant and remand this case to the trial court for a new trial.

FACTS AND PROCEDURAL HISTORY
After a bench trial, defendant was convicted of molestation of a juvenile over whom he had control or supervision, in violation of La. R.S. 14:81.2, and the defendant was sentenced to ten years of imprisonment at hard labor. At the time of trial, the alleged victim was nine years old. She and her mother had been living with the defendant since she was about one and one-half years of age. Although the defendant was not the victim's father, she considered him as such.
In late 1996 or early 1997, the victim told one of her young friends that the defendant was "fooling with her." The victim told her friend not to tell anyone because the defendant had threatened to kill her mother if she told anyone. Thereafter, the friend repeated the allegation to her own mother and her mother told the victim's mother about the victim's allegations involving the defendant.
*319 At trial, immediately before the alleged victim was called to testify, the State moved to prevent the victim and the defendant from observing each other:
STATE:
Your Honor, at this time I would ask that the protection for [sic] the view of the defendant for the victim be instituted by the Court because the next witness is the victim.
COURT:
Mr. Vega [defense counsel], for the record?
DEFENSE:
Judge, I presume what Mr. Long is talking about is having my client sit behind the partition wall there with some paper taped up on it, and we would object to that, Your Honor. I think that in this instance the child should have to face the person that she's accusing of molesting her. I think that there's a sobering effect to the fact that, if someone is going to accuse you, then you ought to have the right to be confronted by them because there's some psychological things that may be going on between the mother and/or child that the child might very well not prevaricate, or lie, if she's faced with the person that she's accusing. And so we would object to it, Your Honor.
COURT:
Well, under our law and under the jurisprudence, it's been that everyone is entitled to confront the accusers and to be in court and to see who it is that is accusing you of a crime and to have yourself or your attorney cross-examine or ask questions to that witness. In the situation we have now is a situation that we have similar to this in other cases, that when we have witnesses of a tender age that perhaps may suffer some traumaticmight have some traumatic effect just for being here in court, not necessarily because something ever happened to them, the law has provided us or given us a way to protect that witness so that we do not"we" meaning the court system itself, the Court, the judge, the attorneys, the ambiance of the room does not add to that traumatic event if it is a traumatic event. Because of that, once it's requested by this Court, this Court will abide by that, the wishes of the district attorney's office, and will shield the witness from actually viewing the defendant. The defendant, however, will be in court. He will be able to be present during her testimony. He is present during her testimony. He can see who it is that's confronting him, and also, and most importantly, his attorney is here to ask questions, cross-examine, and of course confer with his client as far as any cross-examine or questions he may want to ask. So because of that, the Court's going to overrule your objection, is going to instruct Mr. Welch to take a seat behind the wall over there, or not the wall, but the shield.
DEFENSE:
To which ruling of the Court we, again, object and specifically
COURT:
We'll note your objection for the record.
DEFENSE:
specifically note that we believe that if child [sic] had to confront the person, that the relationship between the child and the father was such, not the father, and Mr. Welch, was such that it was a loving relationship and that she would not consistently tell what we think was planted in her mind.
At that point, the defendant was placed behind a "shield."[1]
The defendant appealed his conviction to the court of appeal, urging, inter alia, that the procedure utilized by the trial court was inappropriate in that it denied him his *320 right to confront witnesses against him, as secured by the Sixth Amendment to the Constitution of the United States; Article I, Section 16 of the Louisiana Constitution of 1974; and La. R.S. 15:273. In addition, the defendant claimed that the trial court did not act in accordance with La. R.S. 15:283,[2] which provides for the shielding of young witnesses in Louisiana courtrooms.
The court of appeal affirmed the conviction, holding that the procedure utilized by the trial court did not violate the defendant's confrontation rights. State v. Welch, 98-0638 (La.App. 1 Cir. 4/1/99), 744 So.2d 64. The appellate court reasoned that La. R.S. 15:283 was inapplicable to this case because the victim remained in the courtroom during the duration of her testimony and that the record indicates that the victim had the opportunity to see the defendant and the defendant had the opportunity to see her.[3] We granted the defendant's writ. State v. Welch, 99-1283 (La.11/19/99), 750 So.2d 207.

DISCUSSION
The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." This right provides "`two types of protections for a criminal defendant: the right physically to face those who testify against him, and the right to conduct cross-examination.'" Coy v. Iowa, 487 U.S. 1012, 1017, 108 S.Ct. 2798, 2801, 101 L.Ed.2d 857 (1988). However, public policy considerations and necessities may take precedence over "face-to-face" confrontation. Maryland v. Craig, 497 U.S. 836, 849, 110 S.Ct. 3157, 3165, 111 L.Ed.2d 666 (1990).
It is important to note that Coy involved a factual situation that was almost identical to the one before us. Relying upon an Iowa statute, the trial court allowed the use of a large screen to be placed between the defendant and the witness stand during the testimony of two thirteen-year-old females. The State argued that the statute created an exception to "face-to-face" confrontation by the legislature's finding that there is a presumption of *321 trauma to victims of sexual abuse that outweighs the defendant's right to confrontation. However, the United States Supreme Court held that the defendant's right to confrontation was violated since the screen enabled the complaining witnesses to avoid viewing the defendant as they gave their testimony. Further, the Court suggested that any exception to "face-to-face" confrontation "would surely be allowed only when necessary to further an important public policy," but only on "something more than the type of generalized finding [a legislative presumption of trauma] underlying such a statute." Coy, 487 U.S. at 1021, 108 S.Ct. at 2803. However, the Court "le[ft] for another day" the question of whether any such exception exists. Id.
In Craig, the Supreme Court found an exception for child witnesses in child abuse cases:
Accordingly, we hold that, if the State makes an adequate showing of necessity, the state interest in protecting child witnesses from the trauma of testifying in a child abuse case is sufficiently important to justify the use of a special procedure that permits a child witness in such cases to testify at trial against a defendant in the absence of face-to-face confrontation with the defendant.
Craig, 497 U.S. at 855, 110 S.Ct. at 3169. However, the Court held that this finding of necessity must be a case-specific one. The trial court must hear evidence and determine whether the special procedure is necessary to protect the child witness from trauma caused by the presence of the defendant. It is not sufficient for the trial court to find that the witness needs protection from courtroom trauma generally. In addition, "the trial court must find that the emotional distress suffered by the child witness in the presence of the defendant is more than de minimis, i.e., more than `mere nervousness or excitement or some reluctance to testify.'"[4]Id. at 856, 110 S.Ct. at 3169.
In accordance with these Supreme Court holdings, the Louisiana Legislature has provided a procedure whereby a Louisiana court can order that the testimony of witnesses under fourteen years of age be taken without "face-to-face" confrontation when the court has made a specific finding of necessity. See La. R.S. 15:283. However, neither the State nor the trial court attempted to comply with this statute, which requires expert testimony that the child would likely suffer serious emotional distress if forced to give testimony in open court and cannot reasonably communicate his testimony to the court or jury in open court.
We find that the procedure utilized by the trial court here violated the defendant's right to confrontation guaranteed by the Sixth Amendment as interpreted in Coy and Craig. As can be seen from the record, the State presented no case-specific evidence to prove the necessity of protecting this child from the trauma of testifying against the defendant. The trial court ordered the "screening" of the defendant merely on a generalized statement of possible trauma for child witnesses.[5]
The violation of defendant's right to confrontation may be harmless error, *322 State v. Murphy, 542 So.2d 1373 (La.1989), and is to be analyzed by assuming that the damaging potential of "face-to-face" confrontation was fully realized, then asking whether the reviewing court may conclude that the error was nevertheless harmless beyond a reasonable doubt. Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). The importance of the testimony of the witness in the state's case, whether it is cumulative, the presence or absence of evidence corroborating or contradicting the testimony, the extent of the cross-examination permitted, and the overall strength of the state's case are factors to be considered in determining whether the error was harmless. Id.; see also State v. Code, 627 So.2d 1373, 1384 (La.1993) (noting that before a reviewing court declares an error harmless beyond a reasonable doubt it must find that the verdict "`actually rendered in this trial was surely unattributable to the error'").
In this case, the evidence, other than the victim's testimony, consisted of her hearsay statement to her young friend and the coroner's testimony that the victim's hymen was not intact. Since the coroner's evidence does not necessarily indicate the defendant's guilt, and the remaining evidence rested on the victim's credibility, "face-to-face" confrontation of the victim was extremely important. Under these circumstances, we cannot conclude that the conviction in this case was surely unattributable to the confrontation error.

CONCLUSION
The trial court's requiring the defendant to sit behind a screen during the victim's testimony without a specific finding of necessity based upon expert testimony violated the defendant's right to confrontation guaranteed by the Sixth Amendment to the Constitution and was not harmless error under the facts of this case.

DECREE
For the reasons stated, the defendant's conviction and sentence are reversed. The case is remanded to the trial court for a new trial.
REVERSED AND REMANDED.
NOTES
[*] Marcus, J., not on panel. Rule IV, Part 2, § 3.
[1] Counsel for the State stated, at oral argument, that the defendant sat behind a clear glass wall in the court's entranceway that was about 9-10 feet behind the defense counsel's table. Paper was put over the glass to shield the defendant from the victim and the victim from the defendant.
[2] Louisiana Revised Statutes Title 15, section 283 provides:

A. On its own motion or on the motion of the attorney for any party, a court may order that the testimony of a child under fourteen years of age who may have been physically or sexually abused be taken in a room other than the courtroom and be simultaneously televised by closed circuit television to the court and jury, when the court makes a specific finding of necessity based upon both of the following:
(1) Expert testimony that the child would be likely to suffer serious emotional distress if forced to give testimony in open court.
(2) Expert testimony that, without such simultaneous televised testimony, the child cannot reasonable communicate his testimony to the court or jury.
B. The court shall ensure that the child cannot see or hear the accused unless such viewing is requested for purposes of identification. However, the court shall ensure that the accused is afforded the ability to consult with his attorney during the testimony of the child....
[3] The Court of Appeal erroneously stated that the record indicates that the victim and the defendant had the opportunity to see each other based upon the following:

DEFENSE: [The victim], I'm Mr. Vega, and I represent your daddy, Mr. Welch, Benj[y] Welch, is that him?
VICTIM: Yes, sir.
Taken out of context, this exchange might support the interpretation given to it by the court of appeal. However, given the fact that the defendant lived with the victim, identification was not the issue. Furthermore, identifications are usually made during the state's direct examination of the victim. Additionally, the transcript usually indicates when an identification has been made, i.e., "let the record reflect that the witness has identified the defendant." Finally, the State did not make any objections, indicating that the victim and defendant could not see each other. The State would have surely objected if the defendant and the victim were able to see each other. Under these circumstances, defense counsel's inquiry obviously refers to the defendant's name which defense counsel had just stated, not to the identification of the victim.
[4] To stress how narrowly this exception is construed, it is important to note that this was a 5-4 decision. The four dissenting justices believed that this child witness exception is not allowed under the Sixth Amendment: "Perhaps that is a procedure today's society desires; perhaps (though I doubt it) it is even a fair procedure; but it is assuredly not a procedure permitted by the Constitution." Craig, 497 U.S. at 860, 110 S.Ct. at 3172 (Scalia, Brennan, Marshall, and Stevens, JJ. dissenting) (noting that the only exception to the confrontation clause is hearsay testimony).
[5] The trial court stated that "when we have witnesses of a tender age that perhaps may suffer some traumaticmight have some traumatic effect just for being here in court, not necessarily because something ever happened to them, the law has provided us or given us a way to protect that witness." (emphasis added).