453 So.2d 1260 (1984)
STATE of Louisiana
v.
Dion MITCHELL.
No. CR83-854.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
Writ Denied September 28, 1984.
*1262 Monty L. Doggett, Natchitoches, for defendant-appellant.
Eric R. Harrington, Asst. Dist. Atty., Natchitoches, for plaintiff-appellee.
Before GUIDRY, LABORDE and KNOLL, JJ.
GUIDRY, Judge.
Defendant, Dion Mitchell, was charged by grand jury indictment on March 31, 1982, with aggravated rape, a violation of La.R.S. 14:42, and with attempted simple kidnapping, a violation of La.R.S. 14:45 and 14:27. Defendant filed a motion to suppress a confession and a motion to suppress identification testimony. Both motions were heard and denied on August 27, 1982. The defendant thereafter pled not guilty to both charges. After waiving his right to trial by jury, and after trial by a judge on April 18, 1983, defendant was found guilty as charged on both counts. Following a pre-sentence investigation, defendant was sentenced to the mandatory sentence of life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence on the conviction of aggravated rape. The defendant was also sentenced to two and one-half years, to run concurrent with the above sentence, for the conviction of attempted simple kidnapping. Defendant appeals both convictions and sentences alleging seven assignments of error.
Suzanne Oliver, the alleged victim, testified as follows: On the afternoon of March 31, 1982, she was working alone at Guillams Electric, Inc. in Natchitoches, Louisiana. As she was sweeping the walkway in front of the business, two black men approached her asking for cigarettes. They questioned Ms. Oliver about applying for a job and inquired about the whereabouts of her boss and the other employees. One of them asked to use the telephone. Ms. Oliver consented and the two men entered the building. The two men overpowered Ms. Oliver and forced her into a rear office. One of the men, by physical force and under the threat of an open-bladed knife, proceeded to have intercourse with Ms. Oliver while the other kept a look out. The man was having difficulty in having an erection and the ordeal went on for over an hour. Just as he was penetrating the victim, his partner who had been watching the front door suggested they go elsewhere before someone arrived. Ms. Oliver was instructed to get dressed. The man who had been watching the front door brought Ms. Oliver's car around to the front of the building. The defendant, holding Ms. Oliver in a necklock, dragged her outside the building to the car. Ms. Gena Crow, a friend of Ms. Oliver's who happened to be driving by, observed the two men abducting Ms. Oliver, stopped her car in the street and shouted at them. Ms. Oliver broke away from the men and escaped into her friend's car. The two men ran away into the fields behind the building.
Ms. Oliver and Ms. Crow went directly to the police station, told what had happened, described the two men and the direction in which they had run. The defendant, Dion Mitchell, was apprehended shortly thereafter at about 4:00 p.m. and brought to the police station. As he was led handcuffed to the room where Ms. Oliver was still seated, she spontaneously identified him as her assailant.
The State introduced into evidence a written waiver of rights and an inculpatory statement, both allegedly signed by the defendant. The statement reflects that it was completed at 7:00 p.m. on March 31, 1982. At trial on the motion to suppress and at trial on the merits, defendant denied making or signing the statement and denied any involvement in the incident.
Ms. Oliver submitted to a medical examination about five hours after the alleged incident which revealed bruises and abrasions on the neck, upper arm, chest and about the face. There was no physical evidence of a penetration. The only other physical evidence of the assault was the results from the crime lab showing the presence of foreign pubic hair which had the characteristics of negroid hair.
*1263 The seven assignments of error alleged by defendant on appeal are as follows:
1. The trial court erred in refusing to suppress the identification of the defendant by the victim, based on an unconstitutional one-on-one viewing of the defendant.
2. The trial court erred in refusing to suppress the confession of defendant without requiring testing of handwriting exemplars.
3. The trial court erred in limiting defense counsel's interrogation of the prosecutor, concerning the prosecutor's possible influence on statements made by the victim.
4. The trial court erred as a matter of law in finding that an aggravated rape took place beyond any reasonable doubt.
5. The trial court erred in convicting defendant of aggravated kidnapping without sufficient corroborative evidence.
6. The trial court erred in failing to grant a new trial based on the court's failure to apply the proper standard of reasonable doubt.
7. Based on the facts in this case, a mandatory life sentence is cruel, excessive and unusual punishment as prohibited by the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 20 of the Louisiana Constitution.

ASSIGNMENT OF ERROR NO. 1
By this assignment, the defendant contends that the trial court erred in refusing to suppress the out of court identification of the defendant by the victim because it was based on an unconstitutional one-on-one viewing of the defendant. Defendant also contends that the in-court identification testimony of the victim should have been suppressed because it was based solely on the unconstitutional out-of-court identification.
In his argument on this assignment, defendant relies on Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969) and Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). These cases and others follow the holding of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), that the Fourteenth Amendment's guarantee of due process is violated by the admission of evidence deriving from unnecessarily suggestive identification procedures conducive to mistaken identification.
In the present case, the trial judge considered the factors set out in Neil v. Biggers, supra, and reiterated in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) and concluded that the victim's in-court and out-of-court identifications of the defendant were reliable. Although the record supports this conclusion, we think that this issue is more properly disposed of on the basis that the out-of-court identification was not the result of unnecessarily suggestive identification procedures. The record supports the trial judge's finding of fact that the police, at the time of the defendant's arrest, did not suggest to her that he was the alleged rapist. The defendant was taken directly to a room for questioning without stopping by the only available route through the station. When the victim happened to notice him, she made an unsolicited spontaneous identification. There was nothing to suggest to the victim that the defendant had been apprehended in connection with her case. The identification was independent of any police procedure and the rule of Stovall and its progeny does not apply in this case. For these reasons, we find that the in-court and out-of-court identifications were properly admitted.

ASSIGNMENT OF ERROR NO. 2
Defendant has not briefed this assignment. Assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).

*1264 ASSIGNMENT OF ERROR NO. 3
Through this assignment the defendant argues that the trial court erred in limiting the defense counsel's interrogation of the prosecutor in the hearing on the motions to suppress concerning the prosecutor's possible influence on statements made by the victim. The defendant asserts that the trial judge abused his discretion by ending the defense counsel's questioning of the prosecutor, concerning his coaching of a witness, after only minutes of examination.
The record appears to indicate that defense counsel was given adequate opportunity to question the prosecutor concerning this matter. The defense counsel was arguing that the assistant district attorney had coached the victim concerning the necessity of an identification based on observations other than the one-on-one confrontation discussed in assignment number one. As discussed therein, no such necessity existed. The trial judge merely exercised his discretion in directing counsel to proceed with the case and to end his unnecessary examination and accusations against the assistant district attorney.
"In the discipline of his court, the trial judge is vested with a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness, whether such examination be direct or cross, and even though no objection be urged by counsel." LSA-R.S. 15:275.
It appears to be clearly settled that the trial judge has complete discretion to stop unnecessary examinations. Moreover, "his rulings will not be disturbed unless an abuse of discretion is shown". State v. Naas, 409 So.2d 535 (La.1981), cert. denied, 457 U.S. 1119, 102 S.Ct. 2933, 73 L.Ed.2d 1332. See also State v. Chapman, 410 So.2d 689 (La.1981). We find no abuse of discretion in the ruling of the trial judge.

ASSIGNMENTS OF ERROR NOS. 4 AND 5
Defendant contends by these assignments that the State failed to prove the essential elements of the crimes of aggravated rape and aggravated kidnapping[1] beyond a reasonable doubt.
A defendant has not been afforded due process and his conviction cannot stand unless, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact would conclude that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Graham, 422 So.2d 123 (La.1982).
Rape is defined as the act of anal or vaginal sexual intercourse with a male or female person who is not the spouse of the offender, committed without the person's lawful consent. La.R.S. 14:41 further provides that "emission is not necessary; and any sexual penetration, vaginal or anal, however slight is sufficient to complete the crime." The only element essential to a conviction, which the defendant asserts was not proven beyond a reasonable doubt by the State, was that there was a penetration.
The defendant argues that the testimony of the victim upon which the State relied to prove penetration was equivocal. He refers to a written statement given by the victim within an hour of the incident, which was made part of the record. The statement describes the sequence of events occurring over a period of time of over an hour. Although the victim recounts at one point that the defendant "didn't have an erection and he couldn't get it in", and then later "he was starting to penetrate inside me when the guy with the green pants came in and told the guy in the blue vest, let's go", the context of the statements make it quite clear that the two *1265 statements are not contradictory, but merely describe different points in time. Any ambiguity in the statement "starting to penetrate inside of me" was cured at trial by the victim's testimony in which she made it very clear that there was indeed a slight penetration. We do not find it surprising, and neither did the attending physician or the crime lab expert, that there was a lack of physical evidence of vaginal penetration. The victim admitted that there was no emission and only a slight penetration. This is all that is required by statute to constitute rape. Other particulars of the victim's statement were corroborated by physical evidence tending to establish her veracity. Under well settled jurisprudence, the victim's testimony alone is sufficient to establish the fact of penetration. State v. Rives, 407 So.2d 1195 (La.1981). Viewing the evidence in a light most favorable to the prosecution, the trial judge could have concluded that the State proved penetration as well as every other element of the crime of aggravated rape beyond a reasonable doubt.
We also find that viewing the evidence in a light most favorable to the prosecution, the trial judge could reasonably conclude that the State proved the essential elements of the crime of attempted simple kidnapping.
"Simple kidnapping is:
(1) The intentional and forcible seizing and carrying of any person from one place to another without his consent;..." La.R.S. 14:45(A)(1).
The facts demonstrate, both through the victim's testimony and the testimony of an eyewitness, Ms. Gena Crow, that the defendant was, with specific intent, forcibly removing Ms. Oliver from her place of employment to her car, to leave for an unknown destination, without her consent. The defendant's partner had driven Ms. Oliver's car around to the front of the building. The engine was running. The defendant came out of the building with his arm around Ms. Oliver's neck attempting to force her into her own car. The chance intervention of her friend who happened by thwarted the defendant's attempt to forcibly take Ms. Oliver to an unknown destination. In our view, the State clearly made out its charge of attempted simple kidnapping.

ASSIGNMENT OF ERROR NO. 6
The apparent thrust of this argument is that the trial judge erred in failing to grant a new trial where the fact that the defendant was found guilty with "such a lack of evidence" demonstrates that the judge could not have applied the proper standard of reasonable doubt. As the previous discussion demonstrates, there was sufficient evidence to support the convictions of the defendant, applying the proper standard of reasonable doubt. We therefore find no merit in this assignment of error.

ASSIGNMENT OF ERROR NO. 7
Defendant's remaining assignment of error challenges the mandatory life sentence imposed by the trial court for the conviction of aggravated rape, as violative of the Eighth Amendment of the U.S. Constitution, being cruel and unusual punishment.
This assignment has no merit. With respect to statutes not requiring capital punishment, mandatory sentences are not unconstitutional. State v. Farria, 412 So.2d 577 (La.1982); citing State v. Prestridge, 399 So.2d 564 (La.1981).
For the above and foregoing reasons, the defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] The defendant was charged and convicted of attempted simple kidnapping, a violation of La. R.S. 14:45 and 14:27. He was not convicted of aggravated kidnapping, a violation of La.R.S. 14:44. Thus, defendant's argument that the State failed to prove the perpetrator intended to force the victim or someone else to give up something of value is without merit since this is not a requisite element of the crime of simple kidnapping.