461 So.2d 1159 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Lloyd BERTRAND, Defendant-Appellant.
No. CR84-439.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
Writ Denied March 8, 1985.
Patrick F. Willis, Jr., Dean, Lomenick, Seemann & Willis, Opelousas, for defendant-appellant.
Morgan J. Goudeau, III, Donald J. Richard, Opelousas, for plaintiff-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
DOUCET, Judge.
The defendant, Lloyd Bertrand, was charged by a grand jury indictment with the crime of aggravated rape, a violation of La.R.S. 14:42. On December 12, 1983, jury selection began in connection with the defendant's trial. On December 16, 1983, a twelve-man jury found the defendant guilty as charged. On March 9, 1984, the defendant was sentenced to serve life imprisonment at hard labor without benefit of parole, *1160 probation or suspension of sentence. The defendant appeals urging four (4) assignments of error.
On April 19, 1983, the mother of the victim noticed a mucous-like discharge in the victim's panties. When the mother of the victim asked the victim if anyone had touched her, she replied that Lloyd had touched her.
The victim testified at trial that while she was attending Mary's Playschool, the defendant took her into the bathroom and that she took her pants down. The victim further testified that the defendant touched her genitalia with his hand and his penis. After some hesitation on the part of the victim, she testified that the defendant rubbed her with his penis and that he rubbed his penis inside her. The victim testified that the defendant did not ejaculate inside of her.
The day after the incident the victim was examined by Dr. Reginald Segar, the family physician. Tests revealed that the victim had contracted neisseria gonorrhea. Tests performed on the defendant revealed that he was suffering from neisseria gonorrhea.
The defendant contends that the trial court erred in allowing the alleged victim, age four years, to testify.
La.R.S. 15:469 states:
"Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness."
In this case, the trial judge, district attorney, and defense attorney questioned the four-year old victim as to her competency outside the presence of the jury. The victim was never sworn in. However, in State v. Pace, 301 So.2d 323 (La. 1974), the court held that a six-year old rape victim's testimony was properly admitted into evidence, even though a formal oath was never administered to the witness. In this case, the trial court questioned the victim about her understanding of the importance of telling the truth, the necessity of telling the court only what she remembered, and her obligation to tell the court when she did not remember something. On the stand, the victim correctly answered questions concerning her name, age, and birthday but she did not know which town she lived in. The trial judge determined that the child was competent to testify.
The determination of the trial court as to whether or not a child has sufficient understanding to testify is entitled to great weight because the trial court has the advantage of seeing and hearing the witness. State v. Edwards, 420 So.2d 663 (La.1982); State v. Humphrey, 412 So.2d 507 (La. 1982); State v. Thompson, 364 So.2d 908 (La.1978); State v. Francis, 337 So.2d 487 (La.1976); State v. Dees, 439 So.2d 614 (La.App. 1st Cir.1983).
In this case, the victim first stated, on several occasions, that she did not remember facts but, upon further questioning, she answered these questions. The court has held that a child's sometimes hesitant or unresponsive answers do not necessarily indicate incompetency. State v. Humphrey, supra. The child did testify without hesitation that she was touched on her "butt" in "the front" and that the defendant took from his pants "the thing he uses the bathroom with".
During cross-examination, the victim was questioned about whether or not she remembered what happened on the day of the offense and she said no. On redirect examination, the victim testified that no one told her what to say on the stand. The trial judge instructed the jury, after the victim had testified, that they were to weigh the child's testimony "with special caution".
The jury, as the trier of fact, determines the weight given to the testimony of any witness. State v. Wright, 410 So.2d 1092 (La.1982); State v. Stevenson, 323 So.2d 762 (La.1975); State v. Anderson, *1161 261 La. 244, 259 So.2d 310 (La.1972), appeal dismissed, cert. denied, 409 U.S. 1030, 93 S.Ct. 533, 34 L.Ed.2d 481 (1972). The record in this case contains no manifest error by the trial court in finding the victim competent to testify. This assignment of error appears to lack merit.
The defendant contends that the trial court erred in denying the defendant's motion for new trial; that the trial court erred in denying defendant's motion for post verdict judgment of acquittal; and that the trial court erred in that the verdict is contrary to the law and the evidence in that the State failed to prove beyond a reasonable doubt the essential element of penetration. All these relate to sufficiency of the evidence regarding the element of penetration.
La.R.S. 14:41 states in pertinent part that:
"Emission is not necessary; and any sexual penetration, vaginal or anal, however slight is sufficient to complete the crime." (emphasis added)
In State v. Prestridge, 399 So.2d 564 (La.1981) the Louisiana Supreme Court explained that:
"Article 1, § 13 of the Louisiana Constitution of 1974 provides that an accused in a criminal prosecution must be informed of the nature and cause of the charge against him. A statute is unconstitutionally vague if men of common intelligence must guess as to its meaning. State v. Cannon, 383 So.2d 389 (La.1980). Due process requires that the language of a statute have a generally accepted meaning sufficient to give adequate warning of the conduct proscribed and provide standards to enable judges and juries to fairly administer the law. Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367 (1952); State v. Cannon, supra; State v. McCoy, 395 So.2d 319 (La. 1980); See also, State v. Dousay, 378 So.2d 414 (La.1979).
The terms "sexual intercourse" and "sexual penetration" are terms of common and generally accepted meaning sufficient to give adequate warning of the proscribed conduct."
In Prestridge, supra, the Court found sufficient evidence of penetration based upon the victim's testimony, i.e., the description of the physical contact between the defendant and herself, and stated that based on their common knowledge and understanding of the human anatomy, the jury could rationally conclude that sexual penetration, however slight, occurred. The victim in this case testified that the defendant rubbed his penis in her.
The defendant argues that the recent addition of the words "anal or vaginal" changed the concept of penetration to require proof of actual penetration of the vagina itself. Therefore the defendant contends that penetration, as required by the statute, was not proven. When this argument was urged at the hearing on the Motion for New Trial and for post-verdict judgment of acquittal, the trial judge stated his belief that the new language in the statute has not changed the concept of penetration. We agree with his interpretation. The effect of the change in language in La.R.S. 14:41 is to add anal penetration as a form of rape. The change does not change the type of penetration necessary for a rape to occur. Any penetration, however slight, of the aperture of the female genitalia, even its external features, is sufficient.
Dr. Segar, the family physician, testified that when he examined the victim after the offense, he observed the area around the vagina to be very red and inflamed and that there was a pussy, greenish-yellow discharge exuding from the vagina. Dr. Segar also testified that he did not notice any trauma as far as bruising or bleeding around the vaginal area at the time of the examination. Testimony revealed that tests performed by Dr. Segar resulted in the finding that the victim had contracted neisseria gonorrhea. Testimony at trial revealed that the defendant was suffering from neisseria gonorrhea.
The trial jury also heard testimony from medical experts explaining the methods of *1162 transmitting gonorrhea. Dr. Kemp's testimony that gonorrhea could only be spread by direct contact with a mucousal surface was typical of other medical testimony given. Dr. Kemp testified that disease could only be transmitted by direct contact between the penis and the mucous membranes of the vagina or by ejaculate of an infected person touching the mucous membranes of the vagina or by urine of the infected person touching the mucous membranes of the vagina. At the conclusion of trial, the jury found the defendant guilty of aggravated rape.
The due process clause of the United States Constitution prohibits conviction of a crime except on proof sufficient to convince the trier of fact of the existence of every essential element of the offense beyond a reasonable doubt. Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the test is no longer whether there is some evidence of guilt. Reversal of a conviction is mandated where proof of guilt is such that no rational trier of fact could find guilt beyond a reasonable doubt. State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983).
Considering the testimony given by the victim coupled with the presence of gonorrhea in both the victim and the defendant and the testimony of the medical experts regarding the disease, a rational trier of fact could have concluded that sufficient evidence had been presented to prove the element of penetration. It is not the role of the appellate court to second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson v. Virginia standard of review. State ex rel. Graffagnino v. King; supra; State v. Knighton, 449 So.2d 1171 (La.App. 2nd Cir.1984).
Since the State satisfactorily proved beyond a reasonable doubt the element of penetration, the trial court acted correctly in denying the defendant's motion for new trial, and for post-verdict judgment of acquittal. These assignments of error are without merit.
For the above reasons we affirm the sentence and conviction.
AFFIRMED.