**Raymond LANDRY,**
**Petitioner–Appellant,**

v.

**James A. LYNAUGH, Director, Texas**
**Department of Corrections,**
**Respondent–Appellee.**

**No. 88–2076.**

United States Court of Appeals,
Fifth Circuit.

April 28, 1988.

---

*On Petition for Rehearing*

Before RUBIN, WILLIAMS, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

In his petition for rehearing, Landry again asserts that his failure to make a contemporaneous objection to the prosecutor's allegedly improper use of hypotheticals during voir dire does not bar his challenges to these hypotheticals. He attempts again to justify the procedural default on the ground that he had no reasonable basis upon which to formulate his constitutional claim at the time of his trial.[1] He argues that his objection to the hypotheticals rests on *Caldwell v. Mississippi*,[2] a case decided after his trial, and that the Eleventh Circuit has held a claim arising under *Caldwell* sufficiently novel so as to survive a procedural default.[3]

In *Caldwell*, the Supreme Court vacated a death sentence that a jury had imposed after hearing the prosecutor argue that the jury did not bear the ultimate responsibility for choosing death. The Court held that the sentence lacked the reliability required under the Eighth Amendment because the State sought, by misleading tactics, "to minimize the jury's sense of responsibility for determining the appropriateness of death."[4] The Eleventh Circuit subsequently allowed a habeas petitioner to challenge a Florida court's instruction to the jury that "[t]he ultimate responsibility for what [sentence] this man gets is not on your shoulders,"[5] although the petitioner had not objected to the charge at trial. The panel held that *Caldwell* represented a significant change in federal law, subsequent to the petitioner's trial, justifying the default.[6]

Michael B. Charlton, Houston, Tex., court-appointed, for petitioner-appellant.

Margaret Portman Griffey, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

1. *Reed v. Ross,* 468 U.S. 1, 14–15, 104 S.Ct. 2901, 2909–10, 82 L.Ed.2d 1 (1984).

2. 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985).

3. *Adams v. Wainwright,* 804 F.2d 1526 (11th Cir.1986), *modified on reh'g sub nom. Adams v. Dugger,* 816 F.2d 1493, 1497–1500 (11th Cir.

1987) (per curiam), *cert. granted,* — U.S. —, 108 S.Ct. 1106, 99 L.Ed.2d 267 (1988).

4. *Caldwell,* 472 U.S. at 341, 105 S.Ct. at 2646.

5. *Adams,* 804 F.2d at 1528.

6. *Id.,* 816 F.2d at 1499–1500.

**1124**

Our decision that Landry's challenge to the hypotheticals is not novel conflicts with neither *Caldwell* nor *Adams.* Landry does not argue that the State misled the jury to underestimate its responsibility for imposing death. He argues, instead, that the State's use of improper hypotheticals unconstitutionally lowered the State's burden of proof by confusing the jury concerning the requirements under Texas law for a capital-murder conviction and for a death sentence. As we stated in the panel opinion, the constitutional standards requiring that death-sentencing juries exercise narrow and informed discretion, with adequate and accurate guidance, had been announced before the time of Landry's trial.[7] These decisions may in part have formed the basis for objections, by Texas capital-murder defendants tried contemporaneously with Landry in 1983, to the State's use of allegedly improper hypotheticals similar to those propounded at voir dire in Landry's case.[8] That other defendants raised the claim we now hold barred, and did so before the decision in *Caldwell,* further supports our view that Landry cannot show cause for his default on the ground that the claim was novel at the time of his trial.[9]

For these reasons, the petition for rehearing is DENIED.

---

7. *See, e.g., Gregg v. Georgia,* 428 U.S. 153, 189–95, 96 S.Ct. 2909, 2932–35, 49 L.Ed.2d 859 (1976); *Proffitt v. Florida,* 428 U.S. 242, 257–58, 96 S.Ct. 2960, 2969, 49 L.Ed.2d 913 (1976); *Woodson v. North Carolina,* 428 U.S. 280, 303–04, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976); *Jurek v. Texas,* 428 U.S. 262, 272–73, 96 S.Ct. 2950, 2956–57, 49 L.Ed.2d 929 (1976).

8. *See Lane v. Texas,* 743 S.W.2d 617, 619–29 (Tex.Crim.App.1987) (en banc); *Gardner v. Tex-*

*as,* 730 S.W.2d 675, 684–90 (Tex.Crim.App.1987) (en banc), *cert. denied,* — U.S. —, 108 S.Ct. 248, 98 L.Ed.2d 206 (1988). We take judicial notice of the state-court trial records in these cases, each of which discloses that the trial was held before *Caldwell.*

9. *See Reed,* 468 U.S. at 19–20, 104 S.Ct. at 2912–13; *Engle v. Isaac,* 456 U.S. 107, 131–33, 102 S.Ct. 1558, 1573–74, 71 L.Ed.2d 783 (1982); *Adams,* 816 F.2d at 1499–1500.