830 So.2d 606 (2002)
STATE of Louisiana
v.
John Clyde ALLEN, Jr.
No. KA02-593.
Court of Appeal of Louisiana, Third Circuit.
November 6, 2002.
*607 Sheryl Laing, Assistant District Attorney, Alexandria, LA, Counsel for State/Appellee.
Carey J. Ellis, III, Rayville, LA, Counsel for Defendant/Appellant.
Court composed of HENRY L. YELVERTON, SYLVIA R. COOKS, and BILLIE COLOMBARO WOODARD, Judges.
WOODARD, Judge.
On October 21, 2000, the State charged Mr. John Clyde Allen, Jr. with indecent behavior with a minor. Two days later, it upgraded the charges to aggravated rape of a child under the age of twelve, occurring between August 1, 2000 and October 20, 2000, a violation of La.R.S. 14:42(A)(4).
On January 9, 2002, a jury of Mr. Allen's peers found him guilty of aggravated rape. Consequently, the trial court sentenced him to life imprisonment without the benefit of probation, parole, or suspension of sentence. Mr. Allen moved for reconsideration of his sentence, which the trial court denied. However, he appeals his conviction based on insufficiency of evidence.

* * * * *
We will use initials for the minor victim in accordance with La.R.S. 46:1844(W). On May 2000, Ms. Loretta Patterson and her four children, including eleven-year-old M.N.S., moved into her fiancé's family home with Gerald Allen, her fiancé, and his brother, Travion Allen. In July 2000, Mr. John Clyde Allen, Jr., a third brother, moved into the home with his wife and three children.
On the evening of October 20, 2000, M.N.S. informed her mother that the Defendant awoke her during the middle of the night, between 3:00 a.m. and 4:00 a.m., took her to the bathroom, where he pulled her clothes off, and "pulled this big thing out and tried to put it in her." Subsequently, Ms. Patterson asked her daughter how long the abuse had occurred; M.N.S. responded that it had occurred three times, including earlier that morning. The next day, Ms. Patterson contacted the police, who arrested the Defendant for indecent behavior with a minor.
ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent. After reviewing the record, we find none.
SUFFICIENCY OF EVIDENCE
Mr. Allen contends that the State failed to present sufficient evidence to support the jury's verdict of aggravated rape. When inquiring as to the sufficiency of the evidence:
[T]he critical inquiry of the reviewing court is whether, after viewing the evidence *608 in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[1]
(Citations omitted.) Furthermore:
In reviewing the evidence, this court must keep in mind that it is the fact finder's role to weigh witness credibility, and we should not second-guess those credibility determinations beyond the sufficiency evaluations under the Jackson standard of review. However, "Due Process requires the reviewing court to determine `whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"[2]
(Citations omitted.)
As previously stated, the State must prove the elements of the crime, beyond a reasonable doubt, in order to obtain a conviction.[3] In the instant case, the State must prove: "(1) anal or vaginal penetration deemed to be without consent of the victim because of (2) the victim's age at the time of the rape."[4] Moreover, "[a]ny penetration, however slight, of the aperture of the female genitalia, even its external features, is sufficient."[5] Lastly, the victim's testimony, alone, is sufficient to establish the fact of penetration.[6]
M.N.S., who was eleven years old at the time of the first incident, testified that the first night that Mr. Allen entered her room, he took her into the den, pulled her panties, as well as his pants down, and "he started doing it." The next time that he came into her room, he laid her on the floor, pulled her panties, as well as his pants down, and "abused" her again. Also, when questioned if he had touched her with any part of his body, she responded that his stomach touched her; she denied that he touched her "private parts" with any part of his body.
Moreover, she testified that, on a third occasion, he took her to the bathroom, pulled her panties and his pants down, and did the same thing. This time, however, she stated that he touched her private area with his private area, and it hurt. She, also, admitted that he had "tried" to penetrate her but could not.
On October 21, 2000, Detective Cedric Green of the Alexandria Police Department received a call, regarding Mr. Allen possibly having had sex with an eleven-year-old girl. He requested that Officer Horn bring Mr. Allen to the station for questions. After being Mirandized, Mr. Allen gave the police his statement.
In it, he claimed that he had arrived home around "three something," after an evening of drinking and using crack cocaine. Around the same time, his wife came home from work and began cursing him and, in turn, awoke everyone in the home. After she left, he took M.N.S. to *609 the couch, where he pulled her panties down and fondled her genital area. However, he denied any penetration with his fingers or hands. He, also, admitted laying on top of her, with her legs open, and that he "grinded around." Once again, he denied any penetration. Nevertheless, he explained that he could not maintain his erection because he had been using cocaine. He, also, admitted to another incident, approximately one month before, where he had fondled her.
Detective Lillie Evans, a child abuse investigator for the Alexandria Police Department assigned to investigate the incident, interviewed M.N.S., who gave her a detailed account of the incident. After listening to her, Detective Evans requested that Dr. Deborah Myers examine M.N.S.
Dr. Myers did so on October 23, 2000. M.N.S.' complaint remained consistent with what she had told to the police. She informed Dr. Myers, however, that the Defendant had "thick white yellow stuff come out of his penis." Consequently, Dr. Myers examined the victim's vaginal area, where she found a "yellow green discharge" in the vaginal vault, which could easily be seen due to the "gaping" vaginal opening. Also, there were red abrasions on either side of the vaginal opening and "a very deep notch at seven o'clock position." Dr. Myers explained that the notch was a tear in the hymen. She elaborated that the tear had not yet healed and, probably, had occurred within the previous two weeks.
On October 24,2000, Detective Evans served Mr. Allen with the warrant for aggravated rape. At that time, he gave her a statement, which was recorded and transcribed.
In this statement, he gave similar accounts as in the first one. Additionally, he admitted to rubbing his penis against M.N.S.' vagina. However, he did not recall any incident in the bathroom. Notwithstanding, he recounted his wife having fussed at him and leaving, after which he noticed M.N.S. standing in the doorway of the den and her bedroom. He stated that he held out his hand and that she followed him to the couch, where he removed her undergarments and fondled her. He alleged that, had he been able to maintain an erection, he and M.N.S. would have had sex. Regardless, at that time, his brother came into the room, and M.N.S. hid under the covers. Lastly, he denied that his penis ever touched her vagina or that he laid between her legs but stated that on another occasion, M.N.S. came over to him, hugged him, and that he stuck his hand up her crotch.
Tracy Allen, the Defendant's wife, testified that Ms. Patterson called her about the incident. According to Mrs. Allen, she, immediately, went to the victim's home where she met with the M.N.S. and Ms. Patterson, who, both, denied any vaginal penetration.
Viewing the evidence in the light most favorable to the State, it proved, beyond a reasonable doubt, the essential elements of aggravated rape. M.N.S. was, only, eleven years old when the abuse first occurred; her testimony, regarding penetration, Mr. Allen's relatively consistent statements, and Dr. Myer's testimony, when considered together, are sufficient evidence to prove aggravated rape of a child under twelve years of age. We will not second-guess the trial court's ruling. Accordingly, this assignment lacks merit, and we confirm the conviction.

CONCLUSION
A jury convicted Mr. John Clyde Allen, Jr. of aggravated rape of a minor under age twelve. Consequently, the trial court *610 sentenced him to life in prison, without possibility of parole or probation. He moved for reconsideration of his sentence, which the trial court denied. Finding no error in the trial court's ruling, we affirm.
AFFIRMED.
NOTES
[1] State v. Laird, 01-478, p. 4 (La.App. 3 Cir. 11/21/01); 800 So.2d 427, 431.
[2] State v. Leger, 00-920, pp. 1-2 (La.App. 3 Cir. 12/20/00); 775 So.2d 1169, 1170, writ denied, 01-240 (La.3/15/02); 811 So.2d 894.
[3] State v. Wright, 96-786 (La.App. 3 Cir. 2/19/97); 690 So.2d 850, writ denied, 97-665 (La.9/26/97); 701 So.2d 978.
[4] Id., (quoting State v. Bertrand, 461 So.2d 1159, 1161 (La.App. 3 Cir. 5/4/84); 640 So.2d 438, 442, writ denied, 94-1439 (La.10/7/94); 644 So.2d 631).
[5] State v. Self, 98-39, p. 3 (La.App. 3 Cir. 8/19/98); 719 So.2d 100, 101, writ denied, 98-2454 (La.1/8/99); 734 So.2d 1229.
[6] State v. Mitchell, 453 So.2d 1260 (La.App. 3 Cir.), writ denied, 457 So.2d 16 (La.1984).