# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**08-823**

**STATE OF LOUISIANA**

**VERSUS**

**H.J.L.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 46647
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

### ELIZABETH A. PICKETT
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Chris J. Roy, Sr.,\* Judges.

**AFFIRMED.**

**Michael Harson**
**District Attorney, 15th JDC**
**Laurie A. Hulin**
**Assistant District Attorney**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for Appellee:**
**State of Louisiana**

**William Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**
**Counsel for Defendant-Appellant:**
**H. J. L.**

---

\*Honorable Chris J. Roy, Sr., participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**PICKETT, Judge.**

<u>**FACTS**</u>

In December 2006, R. B., the defendant's stepdaughter and the victim's aunt, discovered sexually explicit pictures of the victim and the defendant on the defendant's personal computer. When R. B. questioned the victim, the victim told her that the defendant had touched her "bottom," hurt her "bottom," and put his "thing" in her. R. B. advised her mother, the defendant's wife, of what she had found. The two women reported this information to the police. When the defendant was brought in for questioning, he admitted to taking the pictures of the victim, touching the victim in an inappropriate manner, and attempting to penetrate her vagina.

The defendant, H.J.L., was charged by indictment with aggravated rape, a violation of La.R.S. 14:42. After a jury trial, he was found guilty as charged. On April 28, 2008, the defendant was sentenced to serve life in prison at hard labor without benefit of probation, parole, or suspension of sentence. The defendant has appealed both his conviction and sentence.

<u>**ASSIGNMENT OF ERROR**</u>

The defendant argues three assignments of error:

1) There is insufficient evidence to prove the guilt of the defendant for the offense of aggravated rape beyond a reasonable doubt.

2) The trial court erred by allowing a copy of the defendant's videotaped statement to police into evidence.

3) The sentence imposed is excessive for this offender and offense.

<u>**ERRORS PATENT**</u>

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find

1

there are no errors patent.

Assignment of Error Number One

In his first assignment of error, the defendant contends that the evidence was insufficient to sustain a conviction of aggravated rape. In particular, the defendant argues that the state did not prove that he engaged in an act of sexual intercourse with the victim.

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibilities of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See Graffagnino*, 436 So.2d at 563, *citing State v. Richardson*, 425 So.2d 1228 (La.1983). To obtain a conviction, the elements of the crime must be proven beyond a reasonable doubt.

*State v. Freeman*, 01-997, pp. 2-3 (La. App. 3 Cir. 12/12/01), 801 So. 2d 578, 580.

> Louisiana Revised Statutes 14:41 defines rape as:
>
> (A) Rape is the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person's lawful consent.
>
> (B) Emission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime.

At the time of the offense, aggravated rape, in pertinent part, was defined in La.R.S. 14:42 as:

> (A) Aggravated rape is a rape committed upon a person sixty-five years of age or older or when the anal or vaginal sexual is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
>
> . . . .

2

(4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.

In order to convict the defendant of aggravated rape in this case, the state had to prove that the defendant committed an act of anal or vaginal sexual intercourse with this victim when the victim was under the age of twelve years.

In December 2006, R. B., the defendant's stepdaughter and the victim's aunt, discovered sexually explicit pictures of the victim and the defendant on the defendant's personal computer. R.B. saved copies of the pictures to a CD. The next day, R. B. showed the pictures to her mother, N. L. The two of them reported this information to the Kaplan Police Department and gave a statement. Sergeant Scott Lemaire took possession of the compact disc and reviewed the pictures. He attempted to interview the victim, but she would not talk to him. Detective Virgie Lemaire, a female officer, was called in to talk to the victim. R. B. also talked to the victim. R. B. testified that the victim told her that the defendant "touched her at the bottom and that he has hurt her . . . and put his . . . she said thing, but his penis in her." When asked by the prosecutor what the victim was referring to when she used the word "bottom," R. B. responded, "To her vagina."

The victim was examined by her family practitioner, Dr. Randall J. Faulk, who testified at trial both as a fact witness and an expert witness. Dr. Faulk testified that upon conducting a post-incident exam of the victim, he determined that her hymen was not intact. Dr. Faulk indicated that this caused him to suspect trauma or penetration.

After taking the initial complaint from R. B. and N. L., Sergeant Lemaire executed a search warrant on the defendant's home and seized a number of items including two cameras, floppy discs, compact discs, and a computer. The defendant

3

was then taken to the police station for questioning. The defendant gave the officers a statement which was videotaped. The videotaped statement was admitted into evidence and played for the jury. In that statement the defendant admitted to two separate incidents involving inappropriate conduct with the victim, his step-granddaughter. The first incident occurred in June 2006 while the defendant was home alone with the victim. The defendant said he took pictures of the victim in a two-piece bathing suit while she was on the couch. He then took her to the computer room where he photographed her in her panties. He admitted that on that day he touched the victim's breasts with his hands.

The second incident occurred in July 2006 when, once again, the defendant was home alone with the victim. He described pictures that he took of the victim naked, both posing on her knees and laying on her back with her legs open. He admitted that he too was naked and that he had rubbed his penis between her legs and her genitals. He admitted to taking pictures of this as well. He stated he asked the victim if he was hurting her and she told him no. When asked if he attempted to penetrate her the defendant admitted that he had attempted penetration but stopped because he can no longer get an erection. The defendant admitted to using his fingers to rub the victim's genitals but stopped because she complained that it was "burning."

The pictures the defendant admitted to taking and described in his videotaped statement are consistent with the pictures found on his computer which R.B. saved on a compact disc. Those pictures were introduced into evidence and published to the jury. The pictures include pictures of the victim naked in various poses such as those described by the defendant and pictures the defendant admitted taking of his penis pressed against the victim's genitals.

4

Although in his videotaped statement the defendant said he can no longer have an erection, and he now argues that his impotence rendered penetration impossible, his wife gave conflicting testimony. According to N. L., in 2006 the defendant could still have an erection but sometimes had to take Viagra.

The victim testified at the trial. Her birth certificate, filed into evidence at trial, established she was approximately six-and-a-half-years old when the offense occurred and seven years old at the time the offense was reported. She testified that the defendant put his penis inside her.

The defendant's primary argument is that the state failed to prove penetration and therefore failed to establish a rape occurred.

In *State v. Bertrand*, 461 So.2d 1159 (La.App. 3 Cir. 1984), *writ denied*, 464 So.2d 314 (La.1985), the defendant argued that the concept of penetration required proof of actual penetration of the vagina itself. This court stated, "Any penetration, however slight, of the aperture of the female genitalia, even its external features, is sufficient." *Id.* at 1161. *Bertrand* has been consistently followed. *See, e.g., State v. Ross*, 03-564 (La.App. 3 Cir. 12/17/03), 861 So.2d 888, *writ denied*, 04-376 (La. 6/25/04), 876 So.2d 829.

A rape victim's testimony alone is sufficient to establish the fact of penetration. *State v. Mitchell*, 453 So.2d 1260 (La.App. 3 Cir.), *writ denied*, 457 So.2d 16 (La.1984). In the matter before us the state presented, in addition to the victim's testimony that the defendant put his penis inside her, medical testimony that the victim's hymen is no longer intact, and pictures taken by the defendant that show the glans of the penis partially inserted in the victim's labia majora. We find sufficient evidence of penetration to support the conviction.

5

After viewing the evidence in the light most favorable to the prosecution, as required by *Jackson*, we find a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. This assignment of error lacks merit.

Assignment of Error Number Two

In his second assignment of error, the defendant contends that the trial court improperly admitted into evidence a copy of his videotaped confession. At trial, the state notified the trial court that the original video of the defendant's statement was unavailable as the video would produce no image, only a black screen. The trial court conducted a hearing outside the presence of the jury. The trial court allowed a copy of the taped interview to be admitted into the record, ruling that under the provisions of La.Code Evid. art. 1004(1), a copy of the recording is admissible when evidence shows that all originals are lost or have been destroyed, and there is no showing of destruction or loss in bad faith.

Sergeant Scott Lemaire interviewed the defendant on December 2, 2006. The interview was videotaped. Sergeant Lemaire made two copies of the video. One copy was given to the state, and the other was given to the defendant. The original tape was then placed in the evidence vault at the police station. A week prior to trial, Sergeant Lemaire viewed the original video and found it unaltered. On the morning of trial, he viewed it again and the video was black. Although he attempted to play the video with two different cameras, the tape produced only a black screen.

We find the trial court did not err by allowing a copy of the defendant's videotaped interview to be allowed into evidence. Louisiana Code of Evidence Article 1004 provides that "[t]he original is not required, and other evidence of the

6

contents of a writing, recording, or photograph is admissible if . . . [a]ll originals are lost or have been destroyed[.]" We note the same copy of the defendant's statement was used by the court at a previous hearing without objection by the defendant. This assignment of error lacks merit.

Assignment of Error Number Three

The defendant's third assignment of error is a claim of excessive sentence. The defendant did not file a motion to reconsider his sentence, and therefore, his excessiveness claim is barred by La.Code Crim.P. art. 881.1. However, in the interest of justice, this court has chosen to review such an assignment as a bare claim of excessiveness. *State v. Hargrave*, 05-1027 (La.App. 3 Cir. 3/1/06), 926 So.2d 41, *writ denied*, 06-1233 (La. 11/22/06), 942 So.2d 552.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

The defendant was sentenced to life imprisonment at hard labor without benefit

7

of parole, probation, or suspension of sentence. This is the mandatory sentence for aggravated rape if the victim is under the thirteen years of age. La.R.S. 14:42(D)(2)(b).

In *State v. Foley*, 456 So. 2d 979, 981 (La.1984), the supreme court discussed the penalty for aggravated rape as follows:

> The mandatory life sentence for aggravated rape is a valid exercise of the state legislature's prerogative to determine the length of sentence for crimes classified as felonies. *State v. Prestridge*, 399 So.2d 564 (La.1981); *State v. Farria*, 412 So.2d 577 (La.1982); and *State v. Talbert*, 416 So.2d 97 (La.1982).

In light of the court's reasoning in *Foley*, we find the defendant's sentence is not excessive and that this assignment of error lacks merit.

### CONCLUSION

The defendant's conviction and sentence are affirmed in all respects.

**AFFIRMED.**

8