**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-30330
Summary Calendar

SHANE DEMARCUS LEMONS

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CV-1788

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Shane Demarcus Lemons appeals the denial of his habeas corpus petition brought under 28 U.S.C. § 2254. We affirm.

**I**

Lemons was convicted at a bench trial of one count of aggravated rape and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was sentenced to life in prison. On direct appeal, Lemons asserted that the evidence was insufficient to support his conviction and that the trial court erred in failing to order a presentence investigation (PSR) and IQ test before sentencing; his conviction and sentence were affirmed. The Louisiana Supreme Court denied Lemons's petition for a writ of certiorari, which raised the same grounds for relief.

Lemons filed a state postconviction application, asserting that the trial court erred in finding that he had knowingly waived his right to a jury trial. The trial court denied the petition. Lemons did not seek writs from the denial of relief. Lemons then filed the instant 28 U.S.C. § 2254 petition, asserting that the evidence was insufficient to support his conviction, that he was denied due process because the trial court failed to order a PSR and IQ test, and that he would suffer a miscarriage of justice if his habeas petition were denied because he was innocent of rape. The magistrate judge issued a report, recommending that relief be denied. With respect to the sufficiency claim, the magistrate judge considered the factual findings made by the state appellate court and determined that there was sufficient evidence of aggravated rape based on Lemons's confession to the police, the physical evidence, and the victim's testimony. Lemons objected to the magistrate judge's report. The district court conducted an independent review, adopted the magistrate judge's report, and denied Lemons's § 2254 petition with prejudice. Lemons sought a certificate of appealability only as to the sufficiency of the evidence, which a judge of this court granted.[1]

---

[1] Lemons waived his PSR and IQ test claims by failing to raise them in his brief in support of his application for a certificate of appealability and does not make any arguments relating to those claims here. *See Hughes v . Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

## II

"In reviewing a ruling on the merits of a habeas claim, the district court's findings of fact are reviewed for clear error; its conclusions of law, *de novo*." *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003). The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this case. Under AEDPA, a federal court may not grant habeas relief after an adjudication on the merits in a state court proceeding unless the adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The state court's factual determinations "shall be presumed to be correct", and the petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*. § 2254(e)(1).

## III

On appeal, Lemons repeats his assertion that the evidence was insufficient to support his aggravated rape conviction. In determining whether a state conviction is supported by sufficient evidence, the court considers whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Aguilar v. Dretke*, 428 F.3d 526, 534–35 (5th Cir. 2005). Under Louisiana law, rape occurs when an offender has nonconsensual anal, oral, or vaginal sexual intercourse with another individual; any degree of penetration is sufficient. La. R.S. 14:41. "Any penetration, however slight, of the aperture of the female

3

genitalia, even its external features, is sufficient." *State v. Bertrand*, 461 So. 2d 1159, 1162 (La. Ct. App. 1984). A rape is aggravated if the victim is under the age of 13. La. R.S. 14:42(A)(4).

The state appellate court summarized the evidence of the issue as follows. The victim, B.T., was Lemons's niece and was nine years old on March 21, 2004, the date the crime occurred. B.T. testified that on that evening she went to Lemons's bedroom. While she was there, Lemons pulled her into the room, touched her "in the front," pulled her onto the bed, pulled down both of their pants, laid on top of her, and put his penis on her. She stated that she did not feel Lemons's penis on the inside of her private part. Shameka Butler testified that she observed B.T., naked from the waist down, on top of Lemons and immediately informed B.T.'s parents. B.T.'s father angrily confronted Lemons, who fled the house and went to the police to confess. During questioning, Lemons twice stated that he had put the head of his penis in B.T.'s vagina. At trial, Lemons denied that any penetration had taken place, but acknowledged that he touched B.T. "on her private." When questioned about the discrepancy between his confession and his trial testimony, Lemons stated that he was confused and nervous during the officers' questioning. The trial court rejected Lemons's assertions and credited the statements made during his police confession. Dr. Francis Brian testified about the victim's examination report because the examining physician, Dr. Wesley Dyer, had died before trial. Dr. Dyer's notes included a sexual assault history containing a description of the assault provided by the victim indicating that B.T. had stated that Lemons had penetrated her vaginally. Although Dr. Dyer's notes indicated that B.T.'s hymen was intact and that there was no obvious trauma, Dr. Brian testified that a

portion of Lemons's penis could have entered B.T.'s body without rupturing the hymen or causing obvious trauma. Further, Dr. Dyer was unable to admit his fingertip into the vaginal orifice, but found bloody aspirate when washing the area. Dr. Brian testified that such a finding was unusual in a nine-year-old girl and signifies either trauma further inside the body or an infection.

Lemons notes that the victim's testimony at trial did not establish penetration but instead only showed a "touching" of the vagina. He contends that in light of the absence of corroborating medical evidence or victim testimony, there was insufficient evidence to establish his guilt beyond a reasonable doubt. He further argues that under Louisiana law, "an accused party cannot be legally convicted on his own uncorroborated confession without proof that a crime had been committed by someone; in other words, without proof of the corpus delicti." *State v. Cruz*, 455 So. 2d 1351, 1355 (La. 1984).

We have no doubt that in light of Lemons's confession, the victim's testimony, and the medical evidence, the state court's conclusion that the *Jackson* standard was satisfied was not unreasonable. Moreover, Lemons's reliance on the corpus delicti doctrine is misplaced: Louisiana's corpus delicti requirement is not constitutionally mandated.[2] *See West v. Johnson*, 92 F.3d 1385, 1393–94 (5th Cir. 1996); *Autry v. Estelle*, 706 F.2d 1394, 1407 (5th Cir.

---

[2] In any case, the Louisiana corpus delicti rule does not apply to every element of the offense. *See State v. Martin*, 645 So. 2d 190, 194 (La. 1994) ("The rule should not be extended to add a requirement that independent evidence corroborate every element of the crime admitted in the accused's statement, the general reliability of which has been corroborated. Corroborating evidence need only show the essential injury involved in the charged crime . . . in order to establish the reliability of the inculpatory statements of the accused; the corroborating evidence need not show every element in the definition of the charged crime . . . ."). Here, there is sufficient corroborating evidence to establish that Lemons was engaged in improper sexual activity with B.T.

1983) ("[S]uch a state rule of 'corpus delecti' has no independent constitutional footing."). The district court did not err in denying Lemons's federal habeas petition.

## IV

For the foregoing reasons, the judgment of the district court is AFFIRMED.