# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30026
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2017

Lyle W. Cayce
Clerk

ROBERT C. BROADWAY,

Plaintiff-Appellant

v.

OFFICE OF DISTRICT ATTORNEY; COURT OF APPEAL 2ND CIRCUIT,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CV-86

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert C. Broadway, Louisiana prisoner # 99478, appeals the dismissal, for failure to state a claim, of his 42 U.S.C. § 1983 complaint against William R. Jones, the district attorney of Louisiana's Thirty-ninth Judicial District. The complaint alleges that Jones refused to release biological evidence for DNA testing and opposed Broadway's postconviction application for DNA testing, thereby violating Broadway's right to due process. Additionally, the complaint

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30026

alleges that the trial court and the Louisiana Second Circuit Court of Appeal, which were not joined as defendants, violated Broadway's due process rights by not ordering DNA testing.  Because the district court dismissed the case for failure to state a claim pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, our review is de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

We reject Broadway's conclusory assertions that the state courts did not provide a fundamentally fair procedure and that the Second Circuit misapplied Louisiana law and erred in holding that, given his guilt under Louisiana's law of principals, Broadway failed to establish an articulable doubt as to his innocence that could be resolved by DNA testing.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983); FED. R. APP. P. 28(a)(8)(A); 5TH CIR. R. 28.2.2.  Taking judicial notice of the jury charge from Broadway's trial, *Landry v. Lynaugh,* 844 F.2d 1122, 1124 n.8 (5th Cir. 1988) (taking judicial notice of state-court trial records), reveals that the jury was instructed on the law of principals.  Furthermore, it is well settled under Louisiana statutory law that this doctrine is applicable to rape charges, *see, e.g.*, *State v. Vaughn*, 431 So. 2d 358, 364 (La. 1982) (citing LA. STAT. ANN. § 14:24), including aggravated rape, *see, e.g.*, *State v. Rash*, 444 So. 2d 1204, 1205-06 (La. 1984) ("Louisiana has long since abolished the common law distinctions between principals and accessories before the fact. . . .  As such, defendant was subject to conviction on the charge of aggravated rape . . . ." (citing LA. STAT. ANN. § 14:24)).  Accordingly, the DNA testing alone could not resolve an articulable doubt as to Broadway's innocence of aggravated rape.

Even if the law of principals was inapplicable, Broadway would still fail to establish an articulable doubt as to his innocence that could be resolved by DNA testing because under Louisiana law, in the absence of scientific evidence, testimony alone is sufficient to establish penetration.  *State v. Rives*, 407 So.

2d 1195, 1197 (La. 1981) ("Despite the absence of scientific evidence of sexual intercourse, the testimony of the victim was sufficient to establish 'sexual penetration.'").  Furthermore, Louisiana statutory law "provides that 'emission is not necessary' and that 'any sexual penetration, however slight, is sufficient to complete the crime.'"  *Id.* (quoting LA. STAT. ANN. § 14:41).  At Broadway's trial, the victim testified that Broadway "got on top of [her]" and made penetration, and then she was raped again by Broadway's accomplice.  The doctor who examined her on the night of the incident described abrasions around her vagina and testified that sexual intercourse had occurred.  Therefore, even if the DNA testing excluded Broadway as the "source of the semen," as Broadway contends, it would still fall short of resolving doubt as to his innocence of aggravated rape.  *See Rives*, 407 So. 2d at 1197; *State v. Mitchell*, 453 So. 2d 1260, 1265 (La. Ct. App. 1984) (affirming aggravated rape conviction where "[t]he victim admitted that there was no emission and only a slight penetration").

Broadway does not show by what authority we may second-guess a state court on a matter of state law.  *See Seaton v. Procunier*, 750 F.2d 366, 368 (5th Cir. 1985).  Nor does he show that the Second Circuit was incompetent to adjudicate the issues presented in his state court application or that the question of his guilt under the law of principals may otherwise be relitigated.  *See Arizona v. California*, 460 U.S. 605, 619 (1983).  We also reject Broadway's argument regarding executive clemency.  *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne,* 557 U.S. 52, 67-68 (2007).

Broadway has not shown that his complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Morris v. Livingston,* 739 F.3d 740, 745 (5th Cir.

No. 16-30026

2014). Therefore, the judgment is AFFIRMED. Broadway's motion to add attachments to the brief is GRANTED.