# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31050
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2020

Lyle W. Cayce
Clerk

LUCAS JOSEPH RODDY,

Plaintiff-Appellant

v.

RICKY BABIN, District Attorney, 23rd Judicial District of Louisiana,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-1352

Before BENAVIDES, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Lucas Joseph Roddy, Louisiana prisoner # 458846, is serving a sentence of life imprisonment, which was imposed on account of his jury trial conviction of second-degree murder. Roddy filed in the district court a pro se pleading styled as a motion for a preliminary injunction, in which he named as the only defendant Ricky Babin, the District Attorney for the 23rd Judicial District of Louisiana. Roddy sought an order requiring Babin to provide him with certain

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31050

clothing for DNA testing.  Roddy later filed a 42 U.S.C. § 1983 complaint form in which he claimed that Babin had violated his due process rights by refusing to provide him access to this physical evidence for the purpose of DNA testing.

In the instant matter, Roddy appeals from the district court's denial of his request for a preliminary injunction.  He argues that DNA testing of the clothing in question will provide evidence to support his claim that his trial counsel was ineffective for failing to seek such testing.

Where a party seeks a preliminary injunction, he must show "(1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the injury outweighs any harm to the other party, and (4) that granting the injunction will not disserve the public interest." *Brock Servs., L.L.C. v. Rogillio*, 936 F.3d 290, 296 (5th Cir. 2019). "For a denial of a preliminary injunction, a district court's findings of fact are subject to a clearly-erroneous standard of review, while conclusions of law are subject to broad review and will be reversed if incorrect." *In re Deepwater Horizon*, 732 F.3d 326, 332 (5th Cir. 2013) (quotation marks and citation omitted).

"[A] postconviction claim for DNA testing is properly pursued in a § 1983 action.  Success in the suit gains for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory, or inconclusive." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011).  In *Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 72-73 (2009), the Supreme Court determined that there is no freestanding federal substantive due process right to post-conviction DNA testing, and the Court has noted that the *Osborne* decision "left slim room for the prisoner to show that the governing state law denies him procedural due process," *Skinner*, 562 U.S. at 525.

No. 18-31050

Under Louisiana law, a convicted criminal is entitled to a new trial when the "results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing that the petitioner is factually innocent of the crime for which he was convicted." *State v. Johnson*, 23 So. 3d 876, 876 (La. 2009) (internal quotation marks and bracketed text omitted) (citing LA. CODE CRIM. PROC. ANN. art. 926.1 and LA. CODE CRIM. PROC. ANN. art. 930.3(7)).  Pursuant to Article 926.1, a Louisiana prisoner seeking DNA testing must file an application that includes, *inter alia*, "a factual explanation of why there is an articulable doubt, based on competent evidence whether or not introduced at trial, as to the guilt of the petitioner in that DNA testing will resolve the doubt and establish the innocence of the petitioner." LA. CODE CRIM. PROC. ANN. art. 926.1.

We take judicial notice of the state court trial records, *see Landry v. Lynaugh*, 844 F.2d 1122, 1124 n.8 (5th Cir. 1988), which reflect that the jury was charged under the law of principals, *see* LA. REV. STAT. ANN. § 14:24.  The trial records further show that there was testimony as to Roddy's participation in the shooting that resulted in the victim's death.  Considering the trial evidence in conjunction with the jury charge, we conclude that, no matter the results of DNA testing of the clothing at issue, it would still fall short of resolving doubt as to Roddy's innocence of second-degree murder.

Roddy has not shown reversible error in the denial of his request for DNA testing, styled as a motion for a preliminary injunction.  *See In re Deepwater Horizon*, 732 F.3d at 332.  Accordingly, the judgment of the district court is AFFIRMED.